IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                                            No. CR 01-253 BB

**KEVIN BOWEN,**

    Defendant.

## MEMORANDUM OPINION
## AND
## ORDER REGARDING DISCOVERY

**THIS MATTER** is before the Court on Defendant's motion for discovery. The Court has reviewed the Defendant's motion and the response of the United States, and having reviewed the sealed pleadings, finds only the Government's response to the appeal of the detention order should be disclosed.

### Discussion

Defendant seeks disclosure of numerous sealed pleadings in the case of *United States v. John Erick Chavez*, No. CR 01-363. Defendant maintains disclosure is required under *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Agurs*, 427 U.S. 97 (1976);

*Kyles v. Whitley*, 514 U.S. 419 (1995). It is Defendant's theory that "Mr. Chavez appears to be attempting to reduce his own sentence from the very day of the telephone call between Defendant Bowen and the agent." Motion at 5.

In this situation, Defendant's claim for discovery derives from Federal Rule of Criminal Procedure 32(3)(C) which allows discovery of the presentence report but not "sources of information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons." The motions and memoranda filed 9-14; 9-20; 10-01; and 10-3, all in 2001, contain such "sources of information" and will not be ordered disclosed. The other materials requested, with one exception, fail to meet the *Brady* standard in that they contain nothing material to Defendant's motion or Chavez's credibility not already available and previously outlined in Defendant's motion. *United States v. Reed*, 1 F.3d 1105, 1107-10 (10th. Cir. 1993); *United States v. Wolf*, 839 F.2d 1387, 1391-2 (10th. Cir. 1988).

The Government does, however, have the obligation to Defendant to provide discovery of other information that could be used to impeach Government witnesses. *Ballinger v. Kerby*, 3 F.3d 1371, 1376 (10th. Cir. 1993). The

Government's Response to the appeal of the detention order contains such information and should be disclosed.

**O R D E R**

For the above stated reasons, the Government will provide Defendant its Response to the appeal of the detention order in *United States v. John Erick Chavez*, No. CR 01-363, and Defendant's *Motion for Discovery* will otherwise be DENIED.

Dated at Albuquerque this 7th day of August, 2002.

_____
**BRUCE D. BLACK**
**United States District Judge**

**For Plaintiff:**
   Tara C. Neda, Assistant U.S. Attorney, Albuquerque, NM

**For Defendant:**
   Jacquelyn Robins, Esq., Albuquerque, NM